UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE MILLER, *as Next Friend for* CHARLOTTE RIPPETO, *individually and on behalf of the wrongful death class*, et al., | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:23-cv-00307-SEP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants City of St. Louis, Jennifer Clemons-Abdullah, and Adrian Barnes's Motion to Dismiss Plaintiffs' First Amended Complaint, Doc. [11]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND[1]

On April 27, 2022, Robert Miller was a "healthy" pretrial detainee at the City Justice Center. Doc. [52] ¶ 22. Mr. Miller was having difficulty breathing, sweating, and had an elevated heart rate for at least 24 hours, but his complaints to staff were ignored. *Id*. ¶ 23. Sometime after midnight on April 28th, Mr. Miller became unresponsive. *Id*. His cellmate got the attention of a corrections officer, and Mr. Miller was taken to "medical." *Id*. On the way to or shortly after arriving at medical, Mr. Miller's heart stopped, and jail staff performed CPR. *Id*. ¶ 24. Jail staff called an ambulance, which arrived just before midnight. *Id*. ¶ 25. He was taken to St. Louis University Hospital, where he was pronounced dead on arrival. *Id*. An autopsy showed that he died from deep vein thrombosis after blood clots in his legs moved to his lungs causing "a pulmonary embolism that caused cardiac arrest and death." *Id*. ¶ 26.

Plaintiff, Jamie Miller, is Robert Miller's brother. *Id*. ¶ 5. Plaintiff filed this suit under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, as Next Friend for the sole Class I beneficiary, Charlotte Rippeto. *Id*. ¶¶ 4-6. Charlotte is Robert and Jamie's mother. The Estate of

---

[1] For purposes of this motion, the Court takes the factual allegations in the Fourth Amended Complaint, Doc. [52], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Defendants' Motion to Dismiss was initially directed at the First Amended Complaint. Plaintiffs have since filed the Second, Third, and Fourth Amended Complaints. Defendants agree that the substantive claims have remained consistent throughout the amendments, so the Court will apply the Motion to Dismiss to the Fourth Amended Complaint. *See* Doc. [26] at 1 n.1; Doc. [50].

Robert Miller is also a plaintiff to assert "those rights that cannot be asserted by Charlotte Rippeto." *Id*. ¶ 7.  Plaintiffs bring two 42 U.S.C. § 1983 claims and two state law tort claims against the following defendants:  (1) The City of St. Louis, (2) Commissioner of the St. Louis Division of Corrections Jennifer Clemons-Abdullah, (3) Superintendent of the City Justice Center Adrian Barnes, (4) Director of Nursing of the City Justice Center Crystal Bailey, (5) YesCare Corp., (6) CHS TX, Inc., and (7) Does 1-15, who "were employed by and/or contracted with Tehum Care Services, Inc. and/or The City and provided services in that capacity including, but not limited to, correction officer services and the facilitation and supervision of medical services to all inmates and detainees of the City Justice Center." *Id*. ¶¶ 8-21.

Defendants City of St. Louis, Jennifer Clemons-Abdullah, and Adrian Barnes have moved to dismiss the § 1983 claims in Counts I and II of the Fourth Amended Complaint.  Count I claims that Defendants violated Mr. Miller's Fifth and Eighth Amendment rights by showing a deliberate indifference to his medical needs. *Id*. ¶¶ 30-43.  Plaintiffs allege the failure to provide adequate medical care was "the result of a systemic failure of the Jail Administration." *Id*. at 42.  Count II claims that Defendants violated Mr. Miller's Fifth and Eighth Amendment rights by failing to "adequately train and staff the jail with qualified and competent medical and corrections personnel." *Id*. ¶ 55.  Plaintiffs also allege that Defendants' "inadequate policies, procedures, customs, practices, and actions," and their "inadequate training, supervision, direction, and control," resulted in "systemic deficiencies" that "caused or materially contributed to the systemic and unconstitutional deliberate indifference to Decedent Miller's serious medical needs." *Id*. ¶¶ 59-60.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief."  To meet this standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific task" requiring the court to "draw on its judicial experience and common sense." *Id*. at 679.  The factual content of the plaintiff's allegations must "allow[] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)).  In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct.  *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567).  The Court must then determine whether the plaintiff plausibly alleges a violation of the law. *Iqbal*, 556 U.S. at 679.  The well-pled facts must establish more than a "mere possibility of misconduct."  *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party."  *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

DISCUSSION

I.   <u>Claims Against Defendants Clemons-Abdullah and Barnes</u>

   A.  **Plaintiffs consent to dismissal of the official-capacity claims against the individual Defendants.**

Defendants first argue that the official-capacity claims against Defendants Clemons-Abdullah and Barnes are redundant of Plaintiffs' claims against the City and must be dismissed. *See* Doc. [11-1] at 4.  In their response, Plaintiffs say they "will not oppose dismissing the official capacity claims only against movants."  Doc. [22] at 4 (emphasis omitted).  Therefore, the official-capacity claims against Defendants Clemons-Abdullah and Barnes are dismissed.

   B.  **Counts I and II do not state a claim against Defendants Clemons-Abdullah and Barnes.**

Defendants argue Counts I and II should be dismissed because "Plaintiffs have not alleged facts sufficient to state a claim of supervisory liability and Defendants Clemons-Abdullah and Barnes are entitled to qualified immunity."  Doc. [11-1] at 5.  The Court agrees.

3

Plaintiffs do not allege that Defendants Clemons-Abdullah and Barnes directly participated in the violation of his constitutional rights, i.e., that Defendants were personally indifferent to his serious medical need on the night of April 27, 2022.  Instead, they argue that Defendants are liable because they were responsible for "setting jail policies that were intended to ignore and delay providing medical care to inmates" in Count I and the inadequate "training and supervision of the jail staff involved" in Count II.  Doc. [22] at 9.  When a supervisor is sued for a failure to train or supervise employees, "the supervisor is entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts."  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (citing *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012)).  "Allegations of generalized notice are insufficient."  *Id.*

The Fourth Amended Complaint fails to satisfy the first prong.  Plaintiffs make only general and conclusory allegations of (1) a pattern of deliberate indifference to medical needs in situations like Mr. Millers and (2) notice of such a pattern by Defendants Clemons-Abdullah and Barnes.  In Counts I and II, Plaintiffs allege "on information and belief" that the City Justice Center had "a policy or practice" of ignoring inmates' requests for medical attention and providing inadequate medical care.  *See* Doc. [52] ¶¶ 40, 58.  Allegations made on information and belief are not necessarily deficient.  But those paragraphs of the Complaint are examples of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[2]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiffs do not cite a specific policy; nor do they identify any other instances of Justice Center employees showing deliberate indifference to medical needs.  "[S]uch allegations lack 'sufficient factual matter,' and because they are no more than conclusions, they 'are not entitled to the

---

[2] This allegation from the Fourth Amended Complaint is a textbook example of the recital of the elements of a claim without alleging any supporting facts:

> The systematic deficiencies listed above evince the existence of a continuing widespread, persistent pattern of unconstitutional misconduct by employees of the Defendants that constitutes deliberate indifference to or tacit authorization of such conduct by Defendants' policymaking officials after notice to the officials of that misconduct.  Defendants' official policies, procedures, customs, practices, and actions, which are the moving force behind Decedent Miller's injuries and death, operated to deprive Decedent Miller of the right to adequate and appropriate diagnosis and treatment of his serious medical needs, and, but for the same, he would not have been deprived of rights secured by the Eighth Amendment.

Doc. [52] ¶ 61.

assumption of truth.'"  *Davis v. City of St. Louis*, 2023 WL 4684510, at *3 (E.D. Mo. July 21, 2023) (quoting *Iqbal*, 556 U.S. at 678, 679).  Plaintiffs also points to their allegations that Defendants were "responsible for training and supervising . . . employees of the City of St. Louis staffing the City Justice Center, for setting jail policy, and for ensuring the health and welfare of all persons detained at City Justice Center."  *See* Doc. [52] ¶¶ 9-10.  Again, such allegations are insufficient "notice of a pattern of unconstitutional acts."  *Krigbaum*, 808 F.3d at 340.

Many of the allegations in Counts I and II are against "Defendants" generally, without identifying a specific individual or entity.  Defendants in this case include a city, city officials, private healthcare corporations, and 15 unknown city or healthcare employees.  Such broad allegations verge on "shotgun" style pleadings.  *See Moore v. Compass Grp. USA, Inc.*, 2022 WL 4598558, at *10 (E.D. Mo. Sept. 30, 2022) ("In suits involving multiple defendants, a complaint engages in shotgun pleading if it 'brings every conceivable claim against every conceivable defendant, resulting in a cause of action so general that it fails to put the various defendants on notice of the allegations against them.'") (quoting *Chole v. Bos. Sci. Corp.*, 2020 WL 1853266, at *2 (E.D. Mo. Apr. 13, 2020)).  Plaintiffs' failure to differentiate which acts were committed by which Defendant contributes to the overly general and conclusory nature of the allegations.

Because Plaintiffs failed to plead anything more than conclusory allegations that Defendants Clemons-Abdullah and Barnes had notice of a pattern of unconstitutional acts committed by their subordinates, Clemons-Abdullah and Barnes are entitled to qualified immunity from the claims in Counts I and II.

## II.  Claims Against the City of St. Louis

Defendants argue that Counts I and II should be dismissed against the City because "Plaintiffs have not alleged—nor can they allege—that a 'policy or custom' of the City of St. Louis or a failure by it to train its employees violated Decedent Miller's constitutional right and caused his death."  Doc. [11-1] at 8.  Plaintiffs respond that they have adequately alleged that Mr. Miller "needlessly died as a result of:  (1) the City's policy and custom of ignoring the medical requests and needs of inmates; and (2) the City's inadequate staffing of the jail based on the training, qualifications and number of the jail staff."  Doc. [22] at 4.  Once again, the Court agrees with Defendants.  Plaintiffs failed to plead facts from which the Court could infer an underlying constitutional violation, and the allegations of a custom and failure to train are too conclusory and general to state a claim.

In what is referred to as a *Monell* claim, "[a] municipality may be held liable for a constitutional violation under section 1983 if the violation resulted from '(1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise.'" *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)).  Plaintiffs first argue that they have alleged that the City had both a "policy and custom of ignoring the medical requests and needs of inmates."  Doc. [22] at 6.  When evaluating municipal liability, Courts do not use "policy" colloquially.  "Local governing bodies" can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Plaintiffs do not identify any official action by the City of St. Louis setting a policy of ignoring inmates' medical needs.  Therefore, Plaintiffs have not stated a claim under for the first type of *Monell* claim.

Plaintiffs also argue that they have alleged an unofficial custom of ignoring inmates' medical needs.  A municipality can be held liable for an unofficial custom if a plaintiff shows:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013)).  Plaintiffs have not sufficiently pled such a claim.  To begin with, Plaintiffs have not alleged a "continuing, widespread, persistent pattern." They allege a single incident—Mr. Miller's—and then rely on the conclusory allegation that "[o]n information and belief, the City Justice Center had a policy or practice (written or understood) of ignoring inmates request for medical assessment in situations similar to what are alleged [in] Count I."  Doc. [52] ¶ 40.  That unsupported recital of one element of a *Monell* claim is insufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs argue that the "only additional information that could theoretically be alleged would be specific instances of other similar occurrences."  Doc. [22] at 6.  Plaintiffs contend such evidence is "hard to allege pre-discovery" and that the "federal rules and supporting caselaw recognize that if the law required a high level of factual specificity (like alleging specific other

occurrences) before the benefit of discovery, that would create a 'catch-22.'" *Id.* at 7.  But as this Court has previously explained:

> [P]laintiffs who want to proceed under *Monell* need not use precise legal terms like "unconstitutional custom" in their pleadings; they need only plead facts from which such a custom can be inferred.  Here, Plaintiff has done the opposite:  He has used the appropriate legal terms for a *Monell* custom claim, but he has not pled sufficient facts to support an inference that such a custom exists.

*Naes v. City of St. Louis*, 2021 WL 6049815, at *7 (E.D. Mo. Dec. 21, 2021).  The Fourth Amended Complaint in this case suffers from the same deficiency.

Plaintiffs also have not alleged that City officials like Defendants Clemons-Abdullah and Barnes had notice of any alleged unconstitutional custom.  As discussed above, Plaintiffs' "[a]llegations of generalized notice are insufficient."  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).  Thus, Plaintiffs' allegations of an unconstitutional custom lack sufficient factual content to state a *Monell* claim against the City.

Plaintiffs' allegations about a deliberate indifference to train or supervise fare no better.  To state a failure to train claim, Plaintiffs must plead facts that show:

> (1) [the City's] training practices were inadequate; (2) [the City] was deliberately indifferent to the rights of others in adopting these training practices, and [the City's] failure to train was a result of deliberate and conscious choices it made; and (3) [the City's] alleged training deficiencies caused [Mr. Miller's] constitutional deprivation.

*Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).  Plaintiffs argue that they "specifically allege multiple failures by the Movants in respect to the training and staffing of the jail."  Doc. [22] at 8.  It is true that Plaintiffs allege multiple failures, but those allegations are conclusory.  Plaintiffs allege, for example, that Defendants "failed to adequately train the jail staff to recognize when a detainee needed medical assessment, evaluation and/or attention."  Doc. [52] ¶ 57.  That conclusion is not supported by facts about, for example, the jail's current training plan, how that training compares to the training at other jails, or a single specific instance of the staff failing to recognize an inmate's serious medical condition, other than Robert Miller's.

It is again worth highlighting the "shotgun" nature of Plaintiffs' allegations in Count II.  For example, Plaintiffs allege:

> **Defendants'** failure to train the on-duty jail staff to recognize when a
> pretrial detainee needs urgent medical assessment and/or treatment,
> combined with **Defendants'** failure to provide staff who were medically
> trained and qualified to identify, assess and/or treat serious medical
> conditions resulted in a failure timely assess and send Decedent Miller to the
> emergency room or hospital where said assessment and/or treatment could
> be performed.

Doc. [52] ¶ 62 (emphasis added).  Who are "Defendants" in this allegation?  The City?  All the

Defendants?  Without more specific factual allegations, Defendants and the Court are left to guess

what Plaintiffs claim each Defendant did.  Such overly general allegations fail to state a claim on

which relief can be granted.

CONCLUSION

Assuming all of Plaintiffs' well-pled allegations to be true and drawing every reasonable

inference in their favor, Count I and II of the Fourth Amended Complaint fail to state claims

against Defendants City of St. Louis, Jennifer Clemons-Abdullah, and Adrian Barnes.  Plaintiffs'

allegations are conclusory and do not "raise a right to relief above the speculative level." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 567 (2007).  "[W]here the well-pleaded facts do not permit the

court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

(quoting Fed. R. Civ. Proc. 8(a)(2)).

Accordingly,

**IT IS HEREBY ORDERED** Defendants City of St. Louis, Jennifer Clemons-Abdullah,

and Adrian Barnes's Motion to Dismiss Plaintiffs' First Amended Complaint, Doc. [11], is

**GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Defendants City of St. Louis,

Jennifer Clemons-Abdullah, and Adrian Barnes in Counts I and II of the Fourth Amended

Complaint are dismissed without prejudice.

A separate order of dismissal will issue.

Dated this 31st day of March, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE